■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH CHARLES, alias MINGO CHARLES, alias JOHN MILLER, Appellant. — Appeal from an order of the Albany County Court denying the motion of the defendant for a writ of error *coram nobis* without a hearing. The defendant was indicted for murder in the first degree in Albany County on October 6, 1930. He pleaded guilty to murder in the second degree on May 11, 1931 and was thereafter sentenced to a term of 60 years to life in Clinton Prison. It is admitted that the stenographic record of the proceedings has either been lost or destroyed and assigned counsel for the defendant, John P. Judge, formerly of Troy, New York, is now deceased. The defendant contends first, that he was not properly represented by counsel and second, that he was not advised of his right to the two-day waiting period in accordance with section 472 of the Code of Criminal Procedure. On the return of the motion, an affidavit of David Wanger, attorney and counsellor-at-law in the City of Albany, New York, and Assistant District Attorney of Albany County from 1922 to 1931, who personally prosecuted the case in question was submitted to the court. In the affidavit he states that John P. Judge first came into the case personally representing the defendant and that some time thereafter the defendant was unable to raise funds to pay the said attorney and the court appointed him as assigned counsel. The assignment was made based upon an affidavit of the defendant that he was destitute of means and requesting counsel. This is substantiated by an order of the Presiding Judge in which he allowed assigned counsel $1,000 and disbursements for representing the said defendant. The disbursement affidavit had entries beginning September 4, 1930 and terminating on May 11, 1931. Statements by two doctors for services performed on behalf of the defendant were also submitted as part of the claim for disbursements. The statement of Dr. James T. McKenna shows that on September 10, 1930 he first consulted with attorney John P. Judge and there were various consultations thereafter. With reference to the second contention of the defendant, the records presented to the lower court, certified by the clerk, in part state: " Waived stay of sentence ". In any event an issue of this kind cannot be

raised on *coram nobis*. Order unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Gibson and Herlihy, JJ.